### J. R. REVILL ET AL. *v.* NANCY FRANKS' EXR. ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—758.]

**Vested Remainder Created by Will.**

> Where by a second clause a will provides that "It is my will and desire, and I do hereby will and bequeath to my beloved wife, Nancy, all my worldly possessions, goods and effects, real, personal and mixed," and by a third clause it is provided that "In the event that my said wife shall marry or die, then it is my will and desire that my estate shall be equally divided between my children, and I hereby appoint my brother, William G. Simpson, and James F. Blanton my executors under this clause of my will," it is held that the interest of the children under the will was a vested remainder.

### APPEAL FROM OWEN CIRCUIT COURT.

April 13, 1882.

OPINION BY JUDGE LEWIS:

D. L. Simpson died in 1861, testate, leaving a widow and three children, James, Lawson and Juliet. Lawson and Juliet died shortly after the testator, under age, and James died at the age of 26, intestate, leaving his mother surviving, who subsequently married a man named Franks. At her death in 1880 she devised the estate left by her first husband, Simpson, to appellees, and this action was brought by the heirs-at-law of the testator to recover the estate so devised by his widow.

The sole question involved is whether the children of D. L. Simpson took under his will a vested or contingent interest in remainder in his estate, and that question depends upon the construction that should be given to the second and third clauses of the will, which are as follows:

Second: It is my will and desire, and I do hereby will and

bequeath to my beloved wife, Nancy, all my worldly possessions, goods and effects, real, personal and mixed.

Third: In the event that my said wife shall marry or die then it is my will and desire that my estate shall be equally divided between my children, and I hereby appoint my brother, William G. Simpson, and James F. Blanton my executors under this clause of my will.

In our opinion the meaning of the words used in the third clause is the same as if the testator had said "upon the death or marriage of my wife it is my will and desire that my estate shall go to my children. To give to the words "in the event of" a meaning synonymous with the word "if" or any other expression signifying uncertainty as to the wife of the testator dying would be a perversion of the language used, as well as inconsistent with the scope of the will and the intention of the testator. Nor, unless words not used therein be added, can the third clause properly be interpreted so as to make the remainder interest of the children contingent upon their surviving their mother, or not dying before her marriage.

The remainder interest is not limited to take effect to dubious or uncertain persons, for the testator's children were then in being, nor upon a dubious and uncertain event, for it was by will made to take effect in any event at the death of the life tenant, or sooner if she married. The marriage of the widow could not, by the terms of the will, nor was it intended by the testator that it should, operate to defeat or make contingent the devise to the children, but had the effect only of giving to them the right to possess the estate whenever that occurred, which they could not otherwise enjoy until the death of their mother.

We are clearly of the opinion that the interests of the three children under the will was a vested remainder and that upon the death of James Simpson, intestate, the other two having died previously, the whole estate devised passed by descent from him, absolutely, to the mother with power to dispose of it by will.

Judgment of the court below is *affirmed*.

*A. Duvall, Hallam & Gordon*, for appellants.

*Warren, Monfort & Joe Blackwell*, for appellees.

[Cited, *Ochs v. Kramer*, 32 Ky. L. 762, 107 S. W. 260.]